**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ramond Curtis Jackson,<br><br>Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>Respondents. | No. CV-18-00579-PHX-DWL<br><br>**ORDER** |

In this habeas proceeding, the magistrate judge issued a Report and Recommendation ("R&R") on January 29, 2019, recommending that the petition be denied and dismissed with prejudice. (Doc. 15.) The R&R further provided that "[t]he parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. . . . Failure timely to file objections to the [R&R] may result in the acceptance of the [R&R] by the district court without further review." (*Id.* at 16.) This deadline came and went without Petitioner filing any objections. Accordingly, on February 20, 2019, the Court issued an order adopting the R&R and dismissing the case (Doc. 16) and then entered judgment (Doc. 17).

Now pending before the Court is Petitioner's "Request to File a Delayed Objection to Recommendation And Or, Grant Certificate of Appealability." (Doc. 18.) In it, Petitioner states he was "confused" by and "misunderstood" the instructions in the R&R and "was under the impression that after the order following the magistrate's recommendation, Petitioner would then have the right to object." (*Id.* at 2.) He thus asks

"the Court to show mercy due to the circumstances and allow an opportunity to file a delayed objection or at least grant Petitioner a certificate of appealability . . . ." (*Id.*)

The Court will construe Petitioner's motion as a request for relief under Federal Rule of Civil Procedure 60(b) based upon excusable neglect. Whether neglect is "excusable" is a flexible standard, "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).[1] At a minimum, courts assessing whether neglect is "excusable" must consider four factors: "[1] the danger of prejudice to the [non-moving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id.*

Here, the first factor—the danger of prejudice to the non-moving party—weighs in Petitioner's favor. Respondents didn't suffer any cognizable form of prejudice from Petitioner's failure to comply with the 14-day deadline for filing objections. Indeed, Respondents didn't even file a response to Petitioner's motion. *Cf.* LRCiv 7.2(i) (failure to respond to a motion "may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily").

The second factor—the length of the delay—also weighs in Petitioner's favor. "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." *Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009). Petitioner's objections to the R&R were due by February 12, 2019. Eight days after that deadline elapsed, the Court issued its order adopting the R&R. Two days after that order was issued, Petitioner filed his motion. This was not a lengthy delay.

---

[1] Although *Pioneer* addressed the meaning of the phrase "excusable neglect" as it appears in Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, the Ninth Circuit subsequently confirmed that the *Pioneer* test applies in the context of Rule 6(b), as well as Rule 60(b) of the Federal Rules of Civil Procedure and Rule 4(a)(5) of the Federal Rules of Appellate Procedure. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381–82 (9th Cir. 1997).

The third factor—the reason for the delay—cuts against Petitioner. Although he claims to have been confused by the deadline-related language in the R&R, that language couldn't have been clearer. And although he is a *pro se* litigant, "[t]he liberal construction that is granted pro se litigants in filing their complaints does not mean that they are allowed lack of compliance with deadlines that are imposed by law. 'Liberal construction does not mean liberal deadlines.'" *Bramlett v. Metro Narcotic Task Force*, 2009 WL 2477263, *2 (M.D. Ga. 2009). *See also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure. Ghazali did not follow them, and his case was properly dismissed.").

The fourth factor—whether Petitioner acted in good faith—weighs in Petitioner's favor. The Court cannot conceive of any possible practical advantage Petitioner could have hoped to gain in bad faith by missing the deadline.

Because three of the four factors weigh in Petitioner's favor, and because Respondents did not file a response, the Court will grant the motion.

According, **IT IS ORDERED** that:

(1) Petitioner's "Request to File a Delayed Objection to Recommendation And Or, Grant Certificate of Appealability" (Doc. 18) is **granted**;

(2) The judgment (Doc. 17) is **vacated**; and

(3) Petitioner shall have fourteen (14) days from the date of service of a copy of this Order within which to file specific written objections to the R&R. Failure timely to file such objections will result in the acceptance of the R&R by the Court without further review.

Dated this 12th day of March, 2019.

Dominic W. Lanza
United States District Judge