**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ramond Curtis Jackson, | No. CV-18-00579-PHX-DWL |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

On February 20, 2018, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 ("the Petition"). (Doc. 1.) On January 29, 2019, Magistrate Judge Burns issued a Report and Recommendation ("R&R") concluding the Petition should be denied and dismissed with prejudice. (Doc. 15.) Afterward, Petitioner filed written objections to the R&R (Doc. 22), Respondents filed a response (Doc. 23), and Petitioner filed a reply (Doc. 25).[1] As explained below, the Court will deny Petitioner's objections.

I.   Background

Petitioner was sentenced to 140 years in prison after being convicted at trial, in Maricopa County Superior Court, of four counts of sexual conduct with a minor. (Doc. 15 at 1.) Specifically, Petitioner was convicted of having "engaged in sexual intercourse, oral

---

[1] The R&R stated that any objections were due within 14 days of issuance. (Doc. 15 at 16.) After Petitioner failed to submit objections within this timeframe, the Court issued an order adopting the R&R's conclusions. (Doc. 16.) Afterward, Petitioner submitted a "request to file a delayed objection," arguing he'd been confused by the R&R's instructions. (Doc. 18.) The Court granted this request, vacated its prior order adopting the R&R's conclusions, and allocated additional time for Petitioner to file the objections that are now pending. (Doc. 21.)

sexual contact, digital penetration of anus, and digital penetration of vagina with his seven year old step-daughter." (*Id.*) The evidence at trial included testimony from the victim and a recorded phone call during which Petitioner "apologized to [the victim] as well as indicated that he was drunk at the time.'" (*Id.* at 15-16.)

On May 16, 2016, the Arizona Court of Appeals issued an unpublished opinion affirming Petitioner's convictions and sentences. *State v. Jackson*, 2016 WL 2933049 (Ariz. Ct. App. 2016). The sole issue that Petitioner sought to raise in his direct appeal was whether the trial court should have granted a mistrial after Petitioner blurted out, during closing argument, that he'd spent two years in pretrial custody and was facing a life sentence if convicted of the charges. *Id.* at *1. The Court of Appeals concluded that "Defendant clearly invited the error complained of in this appeal. . . . Consequently, defendant has no basis for claiming the outburst infringed upon his right to a fair and impartial jury as error on appeal." *Id.* at *2.

On June 14, 2016, Petitioner received a letter from his appellate counsel (Wendy Mays) advising that "I am waiting for the Order of Mandate. Once I have that, I will be mailing that to you as well as your file. At that point you will have the opportunity to file a Petition for Post-Conviction Relief under Rule 32, should you choose to. I will send further instruction in that regards with the Order of Mandate." (Doc. 9 at 33.)

On July 7, 2016, the Arizona Court of Appeals issued its mandate. (Doc. 15 at 2.)

On August 15, 2016, Petitioner received another letter from Mays. (Doc. 9 at 33.) In this letter, Mays disclosed to Petitioner that the mandate had already issued, apologized to Petitioner for not providing it earlier, informed Petitioner that a Rule 32 petition for post-conviction relief ("PCR") ordinarily needs to be filed within 30 days of the issuance of the mandate, and thus instructed Petitioner that he needed to "immediately" file a PCR notice if he wished to pursue such relief:

> Enclosed please find a copy of the . . . Mandate from the Court of Appeal[s] as well as the Memorandum decision that concludes the appeals process. . . . Your next avenue for relief is by filing a petition for post-conviction relief with the superior court under rule 32. I have enclosed the form you need to start that process. Should you wish to file for post-conviction relief, you

> must file a notice of post-conviction relief with the [superior court clerk] within 30 days of the issuance of the Mandate. ***Since I am mailing this to you after the deadline, I would immediately file the Notice of PCR as well as a request for leave to file it untimely and state that the reasons for doing so is that I was untimely in getting you the file***. I will confirm that with the court if asked. I apologize. I was on vacation when the mandate issued and did not discover the oversight until today.

(Doc. 9 at 34, emphasis added.)

On October 4, 2016—approximately 50 days after receiving this letter—Jackson filed a PCR notice with the superior court. (Doc. 15 at 2.)

On October 20, 2016, the superior court dismissed the PCR notice as untimely because it hadn't been filed within 30 days of the issuance of the mandate. (*Id.* at 2-3.)

Between October 31, 2016 and April 2017, Petitioner filed an array of motions in the superior court seeking to challenge the dismissal of his PCR notice. (*Id.* at 3-5.) These motions included several recusal motions directed at the judge and a filing from Mays, who claimed that the untimeliness of Petitioner's PCR notice was due to her failure to timely transmit the mandate to him in the summer of 2016. (*Id.*) The superior court issued an array of orders denying these motions, including an order on March 30, 2017 that affirmed the dismissal of the PCR notice. (*Id.*)

On June 29, 2017, Petitioner filed a petition for review with the Arizona Court of Appeals. (*Id.* at 5.)

On July 5, 2017, the Arizona Court of Appeals summarily dismissed the petition, concluding it was untimely because it was filed more than 30 days after the issuance of the superior court's March 30, 2017 order. (*Id.*)

On February 20, 2018, Petitioner filed the Petition. (Doc. 1.)

On January 29, 2019, the R&R was issued. (Doc. 15.)

II. <u>Summary Of R&R</u>

The R&R concludes the Petition should be rejected for two reasons. First, the R&R states the Petition should be dismissed because it was filed outside AEDPA's one-year statute of limitations. (Doc. 15 at 7-10.) Specifically, the R&R states that Petitioner's

- 3 -

convictions became final on June 23, 2016 (*i.e.,* 35 days after the Arizona Court of Appeals issued its decision affirming, on direct review, Petitioner's convictions and sentences), so the Petition needed to be filed by June 23, 2017 to fall within the statute of limitations. (*Id.*) The actual filing date of February 20, 2018 was "nearly eight months after the statute of limitations had run." (*Id.*) The R&R also concludes Petitioner isn't eligible for "statutory tolling" for the time he spent attempting to litigate his PCR claim in state court because the PCR notice was considered untimely under Arizona law. (*Id.*). Finally, the R&R concludes Petitioner isn't eligible for "equitable tolling" for the time spent attempting to litigate his PCR claim in state court because (1) in general, attorney negligence (such as Mays's delay in transmitting the mandate to him) doesn't qualify as the sort of "extraordinary circumstance" that warrants equitable tolling, (2) as a factual matter, Mays "did not mis-advise Petitioner as to the deadline to file his habeas petition"; and (3) Petitioner could have avoided any issues by filing a protective habeas petition in federal court and then seeking a stay so he could continue pursuing state remedies. (*Id.*)

Second, and alternatively, the R&R concludes the Petition should be denied with prejudice because Petitioner didn't exhaust any of his claims in state court. (*Id.* at 10-16.) The R&R further concludes Petitioner can't demonstrate "cause" for his failure to exhaust because (1) even though Mays may have erred by failing to immediately transmit the mandate to him, this error "does not explain Petitioner's waiting another 45 days before filing his PCR Notice" (*id.* at 13), and (2) although Petitioner contends the prison didn't deliver any mail to him between March 30, 2017, and April 22, 2017 (the period during which the superior court issued one of its orders), he still could have filed a timely petition for review with the Arizona Court of Appeals upon receipt of his mail on April 22, 2017, because that was less than 30 days from when the order he wished to appeal was issued (*Id.* at 14.) Finally, the R&R concludes Petitioner can't overcome his failure to exhaust under the "miscarriage of justice" exception because he merely wishes to assert "various trial errors," "does not proclaim his actual innocence," and the evidence at trial included a recorded phone call in which he made inculpatory statements. (*Id.* at 14-16.)

III. Legal Standard

A party may file specific, written objections to an R&R within fourteen days of being served with a copy of it. Rules Governing Section 2254 Cases 8(b) ("Section 2254 Rules"); *see also* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). The Court must undertake a *de novo* review of those portions of the R&R to which specific objections are made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1221 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Section 2254 Rules 8(b); *see also* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

IV. Analysis

Petitioner has filed a lengthy set of objections to the R&R. (Doc. 22.) Although Petitioner doesn't specifically identify the portions of the R&R to which he objects, it appears he seeks to raise the following four arguments: (1) it's irrelevant that he waited 45-50 days to file his PCR notice after receiving Mays's August 2016 letter because the superior court would have dismissed the notice on timeliness grounds even if he'd filed it immediately after receiving Mays's letter, (2) he never received the superior court's March 2017 order dismissing his PCR notice—the court erroneously sent it to Mays instead of him—so he should be excused for waiting until June 2017 to seek review in the Arizona Court of Appeals; (3) in September 2017, he attempted to seek further review in the Arizona Supreme Court, but a prison guard refused to put his petition in the mail; and (4) his trial was unfair because the prosecution committed misconduct (including the presentation of false testimony) concerning the DNA evidence, his admissions during the phone call were the product of mental illness, and the results of the physical exam of the victim were inconsistent with the charges. (*Id.*)

The Court concludes that none of these objections undermines the R&R's conclusion that the Petition should be dismissed because it was filed outside AEDPA's one-year statute of limitations. Petitioner's conviction became final in June 2016 yet he didn't file the Petition until February 2018. Thus, unless he can show he's entitled to statutory or equitable tolling, the Petition was untimely. The R&R correctly concludes that neither form of tolling is available here. Petitioner was informed by his attorney on August 16, 2016 that Arizona law generally requires PCR notices to be filed within 30 days of the issuance of the mandate and that he needed to file his PCR notice "immediately" because the mandate had already issued. Armed with this information, Petitioner inexplicably waited 50 more days before filing his PCR notice. Because the PCR notice was untimely under Arizona law, the time Petitioner subsequently spent litigating the PCR matter doesn't count for statutory tolling purposes. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling . . . .").

The decision in *Miranda v. Castro*, 292 F.3d 1063 (9th Cir. 2002), demonstrates that equitable tolling isn't available in this circumstance, either. *Id.* at 1068 (equitable tolling unavailable where counsel appointed to represent petitioner during his direct appeal in state court provided inaccurate advice concerning when his habeas petition was due). Indeed, this case presents an even weaker case for equitable tolling than *Miranda* because, here, Petitioner's own lack of diligence helped contribute to the untimeliness of his PCR notice. *Compare Spitsyn v. Moore*, 345 F.3d 796, 800-01 (9th Cir. 2003) (emphasizing that "ordinary attorney negligence will not justify equitable tolling" but holding that a particular attorney's negligence "was sufficiently egregious" that it "may justify equitable tolling" because the attorney accepted a fee to prepare a habeas petition, promised to file it on time, then failed to respond to multiple inquiries from the petitioner and petitioner's family before the deadline). Moreover, and as the R&R notes, nothing precluded Petitioner from filing a protective federal habeas petition, and then seeking a stay so he could continue pursuing state remedies, once he was placed on notice that his PCR notice might be

untimely. *Pace*, 544 U.S. at 417 ("A prisoner seeking state postconviction relief might avoid this predicament . . . by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted.") (citation omitted).

Accordingly, **IT IS ORDERED** that:

(1) The R&R's recommended disposition (Doc. 15) is **accepted**;

(2) The petition (Doc. 1) is **dismissed**;

(3) A Certificate of Appealability and leave to proceed in forma pauperis on appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable; and

(4) The Clerk shall enter judgment accordingly and terminate this action.

Dated this 7th day of May, 2019.

_____
Dominic W. Lanza
United States District Judge